# DRURY *v.* MOULTON.

### EQUITY PLEADING AND PRACTICE; WILLS.

1. A bill in equity is properly dismissed on motion of the defendant where the complainant fails to reply to or set down for argument within five days a plea in bar, as required by equity rule 33 of the lower court, although the plea is accompanied by an answer fortifying the plea, and denying charges of fraud in the bill, as required by rule 29, provided the answer is confined to a denial of the fraud charged; and it will not be held that the answer overrules the plea, where, instead of denying generally the fraud charged, it denies each allegation of fact in the bill forming a part of the charge of fraud.

2. A statement in a plea in bar to a bill in equity that a testatrix bequeathed all of her estate to the defendant, accompanied by a copy of the probated will sustaining the averment, is equivalent to a statement that the testatrix had no other estate than that administered in probate.

No. 1983. Submitted March 12, 1909. Decided May 4. 1909.

HEARING on an appeal by the complainant from a decree of the supreme court of the District of Columbia, sitting as an equity court, dismissing a bill in equity for discovery and an accounting. *Affirmed.*

The facts are stated in the opinion.

*Messrs. Kappler & Merillat* for the appellant.

*Mr. J. L. Hargrove* and *Mr. Chas. W. Morris* for the appellees.

Mr. Justice Robb delivered the opinion of the Court:

This is an appeal from a decree of the supreme court of the District, dismissing the bill of complaint on the ground that complainant, George W. Drury, appellant here, had not, within five days, as provided by equity rule 33 of said court, replied to or set down for argument a joint plea in bar filed by defendants, appellees here, to said bill.

The bill alleged that complainant, as heir-at-law and next of kin, was entitled to one half of the estate of Ida Drury, deceased, sister of complainant and defendant Jennie Moulton; that Ida Drury died in Oregon in an insane asylum in April, 1902; that she was then insane and had been for some time prior thereto; that she was of unsound mind while she lived in Bridgeport, Connecticut; that the defendants formed a conspiracy to get control of Ida Drury and her estate, the estate at that time being of the value of $75,000; that the defendants induced Ida Drury to leave Bridgeport, and obtained control over her and her estate, and induced her to accompany them to Tacoma, Washington, where they subsequently had her committed to said asylum, and converted her estate to their own use. The bill prayed a decree of a one-half interest in said estate, and to compel defendants to discover and account fully with reference thereto, and also to answer numerous interrogatories. The bill further recited that the Moultons were temporarily in the District of Columbia, and prayed an injunction to restrain the defendant from disposing of a half interest she had recently acquired in her father's real estate in this city.

In response, the defendants seasonably filed a plea in bar to the whole bill. This plea in substance stated that said Ida Drury died in the county of Pierce, State of Washington, on April 30, 1902, leaving a last will and testament wherein she bequeathed all the estate, wheresoever situate, to her sister Jennie D. Moulton, one of the defendants; that said will was thereafter duly and regularly probated in the superior court for said county, it appearing that said decedent died in said county leaving an estate therein, and that said decedent, at the time

of executing said will, was of lawful age, of sound mind, and not under duress, menace, or undue influence, or in any respect incompetent to execute said will; that said court, being fully advised in the premises, appointed said Jennie D. Moulton executrix of said last will and testament, who subsequently settled and administered said estate, and, on the 20th of August, 1903, filed in said court the final report as executrix, which report was approved by said court, and said executrix discharged from further obligation and liability in the premises. Accompanying this plea was a certified copy of the administration under the seal of said superior court for Pierce county, Washington, including a copy of said will. The plea further stated that the proceedings in the probate of said will were *in rem,* of which said superior court had exclusive jurisdiction, and that the supreme court of the District of Columbia was without jurisdiction in the premises. The plea further set forth certain sections of the laws of the State of Washington wherein it appears that, had said decedent died intestate, she would have left but a single heir-at-law and next of kin, namely, her father, William C. Drury, who was then living, and who was given prompt actual notice of the decease of his said daughter and that she left a last will and testament bequeathing all her estate to the defendant Jennie Moulton, and that, in case of intestacy, he would have been, by virtue of said laws, an heir-at-law of decedent; that, by not availing himself of the privilege granted by said laws to contest the validity of said will and the probate thereof within the time provided by said statutes, he was forever barred from contesting the same. To this plea the defendants added the folowing:

"And as to that part of complainant's bill which charges these defendants, or either of them, with fraud or conspiracy, or both, these defendants, not waiving their said plea, but relying and insisting thereon, and saving and preserving to themselves now and at all times hereafter, all and all manner of benefit and advantage of exception which can or may be had to the said bill of complaint, for answer to so much thereof as charges these defendants, or either of them, with fraud or com-

bination, or both, or to so much thereof as these defendants, are advised is in any wise material for them, or either of them, to answer unto, *answer* and say that they, and each of them, categorically deny the said fraud or conspiracy, or both, and the charge thereof. And answering further, they, and each of them, categorically and explicitly deny that they, or either of them, went to Bridgeport and obtained the custody of the person of the said Dorothy Drury Siebs (*née* Ida Drury), and induced her to leave Bridgeport with them, or either of them, in June, 1899, or at any time whatsoever; or that they, or either of them, falsely stated to the said Dorothy Drury Siebs (*née* Ida Drury) that her father would not see her on the occasion of her visit to Washington in 1899, or that they, or either of them, formed a conspiracy and scheme to devest the said Dorothy Drury Siebs (*née* Ida Drury) of her estate, and to convert the same to their own uses, to the exclusion of the said Dorothy Drury Siebs (*née* Ida Drury), or to the exclusion of any other person whatsoever, or that they, or either of them, acquired control and dominion over the said Dorothy Drury Siebs (*née* Ida Drury) and her estate, and induced and brought about her removal from the city of Washington to the home of these defendants in the city of Tacoma, State of Washington, or that they, or either of them, prevented all communication on the part of the said Dorothy Drury Siebs (*née* Ida Drury) with the complainant or with any other person or persons whatsoever, or that they, or either of them, kept the complainant or any other person in ignorance of the whereabouts and mental condition of the said Dorothy Drury Siebs (*née* Ida Drury), or of the whereabouts of her estate and what had become thereof, or that they, or either of them, fraudulently, or in pursuance of conspiracy, removed the body of the said Dorothy Drury Siebs (*née* Ida Drury) from Portland, Oregon, or any other place, to Tacoma, Washington, and there buried it, or that they, or either of them, withheld from the complainant all knowledge of the death of the said Dorothy Drury Siebs (*née* Ida Drury), or that they, or either of them, kept the court procedure with reference to the estate of the said Dorothy Drury Siebs (*née* Ida Drury)

from the knowledge of the complainant and all other persons having any possible interest in her said estate except defendants, or that they, or either of them, cheated and defrauded the complainant out of his rightful share of one-half of the estate of said Dorothy Drury Siebs (*née* Ida Drury) or in any manner whatsoever, or that they, or either of them, with intent to hinder, delay, and defraud complainant, and in pursuance of conspiracy, original or otherwise, converted the entire estate, or any part thereof, of the said Dorothy Drury Siebs (*née* Ida Drury) to their own use, or secreted the same, or by various means and devices led all persons who might communicate information to the complainant to believe that the estate of said Dorothy Drury Siebs (*née* Ida Drury) had by her become wasted until practically nothing remained, or that, in furtherance of conspiracy to defraud complainant, they, or either of them, have planned to dispose of all their right, title, and interest in the real estate enumerated or set forth in complainant's bill, and to convert the same *into* cash, and secrete the same, and depart the jurisdiction.

"And having thus fully answered so much of said bill of complaint as charges these defendants, or either of them, with fraud or combination, or both, or so much thereof as these defendants are advised is in any wise material for them, or either of them, to answer unto, these defendants pray to be hence dismissed with their reasonable costs in this behalf most wrongfully incurred."

The appellant contends that this is really an answer to the whole bill, and, as such, overruled the plea in bar, and entitled him, under the rules, to ten days in which to file exceptions to said answer instead of five days in which to reply to or set down for argument said plea in bar. He admits that the rules of the court are binding alike upon the court and litigants, but contends that the court erred in holding said rule 33 applicable. The sole question, therefore, for determination, is as to the scope of the answer following the plea in bar.

Rule 29 of the equity rules of said supreme court provides:

"The defendant may, at a time before the bill is taken for confessed, or afterwards, with the leave of the court, demur or

plead to the whole bill or to part of it, and he may demur to part, plead to part, and answer as to the residue; but, in every case in which the bill specially charges fraud or combination, a plea to such part must be accompanied with an answer fortifying the plea, and explicitly denying the fraud and combination and the facts on which the charge is founded."

The plea in bar, unchallenged, disposed of the case, for it showed want of interest in the complainant. Fraud and conspiracy being charged, it was encumbent upon the defendants, under said rule 29, to accompany their plea with an answer "explicitly denying the fraud and combination and the facts upon which the charge is founded." This they have done,—no more, no less. It possibly would have been sufficient had they contented themselves with the denial contained in the first sentence of their answer; but certainly it ought not to be held that, because they subsequently denied each alleged fact which formed a part of said charge of fraud and combination, they thereby overruled their plea. It will be noticed that the answer admits nothing, and makes no averments, but is strictly confined to an unequivocal denial of the averments of fraud and combination in the bill.

We are not impressed with the contention that, because the plea in bar does not in terms assert that there was no estate other than that administered in probate, it follows that the denial of all fraud in the answer goes beyond the averments of the plea in bar. The plea specifically states that, under the will of said Ida Drury, all her estate was bequeathed to the defendant Jennie Moulton, and the copy of the will accompanying the plea sustains that averment. It follows, therefore, as a conclusion of law, that the plea embraced the whole estate.

We hold, therefore, that the court was right in ruling that complainant's failure to reply to the plea in bar or to set the same down for argument within five days admitted the truth and sufficiency of said plea; and the decree, therefore, is affirmed, with costs.                    *Affirmed.*

A writ of error to the Supreme Court of the United States, applied for by the appellant, was allowed May 19, 1909.